SHARON HANDROCK MOORE, ESQ.
GEBHARDT & KIEFER, P.C.
1318 Route 31
P.O. Box 4001
Clinton, New Jersey 08809
(908) 735-5161
Attorney for Defendant, Township of Weehawken

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CAPTAIN THOMAS EARL, LIEUTENANT RICHARD DeCOSMIS, | CASE NUMBER: 07-cv–5547 (WJM) |
| Plaintiff, | CIVIL ACTION |
| v. | DISCOVERY CONFIDENTIALITY ORDER (Document Electronically Filed) |
| TOWNSHIP OF WEEHAWKEN, MAYOR RICHARD F. TURNER, | |
| Defendants, | |

## DISCOVERY CONFIDENTIALITY ORDER

Pursuant to F.R.C.P. 26(c) and L.Civ.R. 5.3(b), and it appearing that there is good cause

for an Order requiring confidential treatment of certain documents and information that may be

disclosed during discovery, the public disclosure of which could adversely affect the interests of

the Parties, and the Court having considered the Affidavit of Sharon H. Moore, Esq., dated

August _____, 2008, it is on this  7  day of  Oct  2008, hereby **ORDERED** as follows:

## I.  PROCEEDINGS AND FORM OF INFORMATION GOVERNED.

This Order shall govern any document, information or other thing that is designated as

"Confidential" under any of the categories of confidential information defined below, and is

furnished by any Party or nonparty to any person in connection with this action. The form of information protected includes, but is not limited to, documents and things, responses to requests to produce documents or other things, responses to interrogatories, responses to requests for admissions, deposition testimony and exhibits, responses to subpoenas, and all copies, extracts, summaries, compilations, designations and portions thereof.

**2.      DEFINITION OF CONFIDENTIAL.**

a.      The term "Confidential" shall mean and include all information contained in the Internal Affairs Files of the Weehawken Township Police Department concerning Internal Affairs Investigations of Complaints and Personnel Files of Township employees, including Plaintiffs.

b.      The scope of this Discovery Confidentiality Order shall be understood to encompass not only those items or things which are expressly designated as Confidential, but also any information derived from the information or things, and all copies, counterparts, excerpts, and summaries of the information or sample of the things, as well as deposition testimony and oral conversation discussing the information or things.

**3.      DESIGNATION OF CONFIDENTIAL INFORMATION.**

a.      Any information or things produced in this action that are reasonably believed by counsel for the producing Party to be Confidential as defined herein may be designated as "CONFIDENTIAL". The designation of information or things as Confidential shall be made at the following time:

(1)      For documents and things, at the time of the production of the documents or things. Upon request for copying, the producing person or Party shall designate such documents with the appropriate confidentiality marking;

(2)      For written responses to interrogatories or requests for admissions, at the time of the written response;

(3)     For deposition testimony, at the time of the testimony (see ¶ 7(c)) or within 30 business days after receipt by the designating Party of the transcript of the deposition.

c.     The designation of information or things as Confidential shall be made in the following manner:

(1)     For documents, by placing a legend on each page of such document;

(2)     For tangible objects, by placing a label or tag on the object or the container for the object, or if not practicable, as otherwise agreed;

(3)     For written responses to interrogatories or requests for admissions, on the face of any such responses;

(4)     For depositions, following the procedure set forth in ¶ 7(c) or in writing within 30 days after receipt by the designating Party of the transcript of the deposition.

d.     It shall be the duty of the Party seeking protection of information or things deemed Confidential to indicate to the other Party and its attorney of record which of the materials and testimony are considered Confidential.

e.     Each producing party retains the right subsequently to re-designate documents and to require such documents to be treated in accord with such designations from that time forward.

f.     If a party, through inadvertence, produces any discovery material that it believes is immune from discovery pursuant to a privilege or work product protection, such production shall not be deemed a waiver of any such privilege, and the party that inadvertently produced such discovery materials may give written notice to the receiving party that the discovery material produced is deemed privileged and may request the return of said document or information.  Upon receipt of such written notice, the receiving party shall gather the original and all copies of the discovery material, of which the receiving party is aware, and shall as soon as practicable return the original and all such copies to the producing party.  The return of the

3

discovery material to the producing party shall not preclude the receiving party from later moving the Court to compel production of the returned discovery material. The receiving party shall not use or rely upon any such discovery material until after the resolution of any such motion by the Court.

g.     Any request to seal the documents covered by this Discovery Confidentiality Order which is filed in connection with non-discovery relief shall be made by formal motion pursuant to L.Civ.R. 5.3.     Designation as "Confidential" under this Order alone is not a sufficient basis to seal documents from the public record.

4.     **ACCESS TO "CONFIDENTIAL" INFORMATION.**

a.     Access to information or things marked **"CONFIDENTIAL"** shall be limited to, and only to, the following "Qualified Persons":

(1)     Attorneys of record in this Action, and, if the attorney of record is a member of a law firm, the employees and staff of the law firm shall not be required to sign a Confidentiality Statement because such counsel and its employees or staff are bound by the provisions of this Discovery Confidentiality Order.

(2)     Parties to the Action.

(3)     Persons retained by the attorneys of record to provide litigation support services in this action. Before any such person is permitted access to any of the Confidential Information, such person shall be informed of the existence and contents of this Discovery Confidentiality Order. The attorney or law firm hiring such individual or company is responsible for compliance by that individual or company with this Discovery Confidentiality Order.

(4)     Experts and consultants (whether or not designated to testify) retained in this action by the attorneys of record, insofar as the attorneys of record

may deem it necessary for the preparation or trial of this case to consult with such experts or consultants, and the conditions set forth in ¶ 6 herein are fulfilled in relation to any such actual or contemplated expert or consultant.

(5) Court reporters (and stenographers utilized during discovery), the Court and its employees and officers including, but not limited to, jurors empanelled in the trial of this case and any appellate court considering an appeal from this case.

(6) With regard to Defendants, Township of Weehawken and Mayor Richard F. Turner, members of the governing body, the Township Administrator, Township Attorneys, Director of Public Safety, and other members of its Litigation Control Group, including but not limited to, officers in its Police Department responsible for investigating Internal Affairs Complaints.

(7) Any other employees for each Party, solely for purposes of the Action, so long as such individual[s] to whom disclosure is made pursuant to order of court or by stipulation of the Parties shall, prior to receiving such disclosure, be furnished with a copy of this Discovery Confidentiality Order and shall execute the Confidentiality Statement in the form of Exhibit A attached hereto, confirming that such person has read and understands its provisions and agrees to be bound thereby.

(8) Witnesses providing testimony at trial, but only at the time of such testimony and only as relevant and necessary to such testimony;

(9) Party and nonparty witnesses being deposed, but only to the extent that such Confidential Information is necessary and relevant to said deposition, and provided that in the case of a deponent who is not also a Party, such

deponent has signed an agreement in the form of Exhibit A, attached hereto, or the producing Party has waived such requirement in writing.

(10)  Any other individual that the producing Party agrees in writing is a Qualified Person (which agreement shall not be unreasonably withheld); provided that, no Confidential Information may be provided or disclosed to any such individual unless the individual has been provided with a copy of this Discovery Confidentiality Order and has first executed the "Statement Concerning Confidential Information" (the "Confidentiality Statement") in the form of the document attached hereto as Exhibit A.

b.  All materials containing Confidential Information marked "**CONFIDENTIAL**" shall be maintained at a location and under circumstances to ensure that access is limited to those persons entitled to have access under this Discovery Confidentiality Order.

## 5.  DISCLOSURE TO EXPERTS.

a.  Each expert and consultant referred to in ¶ 4(a)(4) hereof to whom Confidential Information is to be given, shown, disclosed, made available or communicated in any way, shall first execute a declaration, in substantially the form attached hereto as Exhibit A, agreeing to be bound by the terms of this Discovery Confidentiality Order.

b.  All executed Confidentiality Statements shall be transmitted to and retained by counsel for the Party disclosing the Confidential Information to the Qualified Person.  Any Confidentiality Statement shall be made available to the opposing Party's counsel by agreement or by petition to and order of the Court for good cause shown, consistent with F.R.C.P. 26(b)(4). In addition, upon termination of the above-captioned litigation, any Confidentiality Statements not previously produced to the other parties shall be produced to such parties within fifteen days of any request for such Confidentiality Statements.

6.      **USE OF CONFIDENTIAL INFORMATION GENERALLY.**

All information contained in the Weehawken Township Police Departments Internal Affairs File involving investigations of complaints shall be Confidential and used only for purposes of this litigation and shall not be used for any other purpose, litigation or otherwise. In no event shall any Confidential Information be disclosed over an objection until a ruling by the Court.

7.      **USE OF CONFIDENTIAL INFORMATION IN CONDUCT OF THIS ACTION.**

a.      Confidential Information may be used in the course of the trial of the Action, subject to such restrictions as the Court may find are reasonable and necessary to protect the confidentiality of such information.

b.      Confidential Information may be used by the attorneys of record in good faith in conducting discovery, provided that the Confidential Information is protected pursuant to the terms and conditions of this Discovery Confidentiality Order.   The Parties shall move as appropriate in accordance with L.Civ.R. 5.3(c) to have any and all pleadings or other court filings which incorporate or disclose Confidential Information submitted or presented to or filed with the Court placed under seal, such that the document will not be available to persons other than as authorized by this Discovery Confidentiality Order.  In the event that any Confidential Information is used in the Action, the Parties agree that it shall not lose its confidential status through such use, and the Parties shall take all reasonable steps to protect its confidentiality.

c.      At any deposition session, upon any inquiry with regard to the content of a document marked "**CONFIDENTIAL**," or when counsel for a person (Party or nonparty) deems that the answer to a question may result in the disclosure of Confidential Information of his or her client within the meaning of this Discovery Confidentiality Order, counsel for the person whose information is involved, at his or her option, in lieu of taking other steps available in such situation, may direct that the question and answer be transcribed separately from the remainder

of the deposition and be maintained in a sealed envelope appropriately marked.  When such a direction has been given, the disclosure of the testimony shall be limited in the manner specified in ¶¶ 4 and 5 hereof, and the information contained therein shall not be used for any purpose other than as provided in this Discovery Confidentiality Order.  Counsel for the person whose Confidential Information is involved may also request that all persons other than the reporter, videographer, counsel and individuals authorized under ¶¶ 4 and 5 hereof leave the deposition room during the confidential portion of the deposition, and if necessary may seek a Discovery Confidentiality Order from the Court to that effect.

**8.     PARTY'S OWN INFORMATION.**

The restrictions on the use of Confidential Information established by this Discovery Confidentiality Order are applicable only to the use of Confidential Information received by a Party, or counsel of a Party, from another Party or from a nonparty, or counsel of that Party or non-party.  A Party is free to do whatever it desires with its own Confidential Information.  No provision of this Discovery Confidentiality Order shall be construed to limit or expand any Party's ability to seek further discovery in any form from any other Party or nonparty, it being the express intention of the Parties that this Discovery Confidentiality Order shall be entirely neutral as to the scope of any discovery.

**9.     DISCLOSURE TO PERSONS ENTITLED TO RECEIVE ACCESS.**

Nothing herein shall prohibit a Party, or its counsel, from disclosing a document of a producing Party to a person who is (1) the author, addressee or recipient of such document; (2) a current or former employee of said producing Party; or (3) one entitled to receive access to said confidential information, so long as such person was entitled to receive access to the information at a time substantially contemporaneous with the document's date of preparation.

**10.     RENDERING ADVICE TO CLIENTS.**

Nothing in this Discovery Confidentiality Order shall bar or otherwise restrict any attorney from rendering advice to his client with respect to this litigation or its subject matter and, in the course of rendering advice, referring to or relying generally on the examination of Confidential Information produced or exchanged; provided, however, that in rendering such advice and in otherwise communicating with his client, the attorney shall not disclose the contents of any Confidential Information produced by another Party if that disclosure would be contrary to the terms of this Discovery Confidentiality Order.

**11.     NO ADMISSION.**

Nothing herein shall be construed by the receiving party as an agreement or admission with respect to the competency, relevance, materiality, admissibility, privilege, or immunity of any such information, document or the like.

**12.     CHALLENGING CONFIDENTIAL DESIGNATION**

In the event that any Party disagrees at any point in these proceedings with the designation made by a Party pursuant to Paragraph 3 above, the Parties shall make a good-faith effort to resolve the dispute on an informal basis. If the dispute cannot be resolved, the objecting Party may, upon five (5) days written notice, seek appropriate relief from this Court, pursuant to L.Civ.R. 37.1(a)(1) and the Party that designated the discovery material as Confidential Information shall bear the burden of proving the designation was appropriate. The Parties shall continue to treat any discovery material as Confidential Information until a determination is made by order of the Court.

13.    **NO WAIVER.**

Other than as specified herein, the taking of or the failure to take any action to enforce the provisions of this Discovery Confidentiality Order, or the failure to object to any designation or any such action or omission, shall not constitute a waiver of any right to seek and obtain protection or relief in this action or any other action. The procedures set forth herein shall not affect the rights of Parties to object to discovery on grounds other than those related to confidentiality, nor shall it relieve a Party of the necessity of proper and timely response to discovery devices.

14.    **NO PROBATIVE VALUE.**

Absent a stipulation of all Parties, the fact that information has been designated "**CONFIDENTIAL**" under this Discovery Confidentiality Order shall not be admissible during the trial of this action.

15.    **TERMINATION OF LITIGATION.**

Within 30 days of the final disposition of the above-entitled case, whether by judgment and exhaustion of all appeals, or by settlement, the attorneys of record:

> (1)    Shall return to the disclosing Party, or its attorney of record, the Confidential Information, and any and all copies of such information, in their possession, custody or control or in the possession, custody or control of their staff;
>
> (2)    Shall insure that all the Confidential Information, and any and all copies of such information, in the possession, custody or control of the parties, their experts and consultants, is returned to the disclosing Party or its attorney of record;

(3)     Shall destroy all notes, memoranda or other documents which contain excerpts from any of the Confidential Information, and any and all copies of such information; and

(4)     Shall deliver to the disclosing Party, or its attorney of record, written confirmation, in the form of an Affidavit signed by receiving party's counsel, that there has been compliance with the terms of this paragraph or that there has not been compliance and the reason for such noncompliance, upon receipt of which the disclosing Party may make application to the Court for further order as may be appropriate.

## 16.   ENFORCEMENT OF THIS DISCOVERY CONFIDENTIALITY ORDER.

This Discovery Confidentiality Order shall survive the final conclusion of the action and the Court shall have jurisdiction to enforce this Discovery Confidentiality Order beyond the conclusion of this action.  The parties agree that the Court shall have the power to order all relief, including injunctive relief and attorneys' fees, in favor a party who proves a violation of the terms of this Discovery Confidentiality Order.

## 17.   MODIFICATION OF THIS DISCOVERY CONFIDENTIALITY ORDER.

In the event any Party hereto seeks a court order that in any way seeks to vary the terms of this Discovery Confidentiality Order, said Party shall make such request in the form of a written stipulation, or formal motion to all Parties, served and filed in accordance with local court rules.

## 18.   DISCLOSURE TO THE FACT FINDER.

Nothing herein shall be deemed to preclude disclosure to the Court having jurisdiction over the Action, including disclosure to the trier of fact at any time during any trial in such an

action, to the extent that such disclosure is otherwise proper under the rules governing admissibility of evidence.

19.   **JURISDICTIONAL WAIVER.**

Each person to whom Confidential Information is disclosed subject to the provisions of this Order hereby submits himself or herself to the jurisdiction of this Court. As set forth above, this Court shall retain continuing jurisdiction to enforce this Order with respect to any Confidential Information used or produced in this Action. The execution of this Discovery Confidentiality Order is without prejudice to jurisdictional or venue defenses of the Parties, if any.

IT IS SO ORDERED this 7 day of OCt _____, 2008.

_____
HONORABLE MARK FALK, U.S.M.J.


GINARTE, O'DWYER & WINOGRAD, LLP
400 Market Street
Newark, NJ  07105
Attorney(s) for the Plaintiff

GEBHARDT & KIEFER, P.C.
1318 Route 31 - P.O. Box 4001
Clinton, NJ  08809
Attorney(s) for the Defendant,
Township of Weehawken


BY: _____
LOUIS A. ZAYAS, ESQ.
DATED: 9/30/08

BY: _____
SHARON H. MOORE, ESQ.
DATED: 10/3/08

**BUDD LARNER**
1939 Route 70 East
Cherry Hill, NJ 08803
Attorney(s) for the Defendant,
Mayor Richard F. Tuner

**DAVID F. CORRIGAN, LLC**
54F West Front Street
Keyport, NJ 07735
Attorney(s) for the Defendant
Township of Weehawken (Labor Counsel)

BY: _____

    **SUSANNA J. MORRIS, ESQ.**
    **DATED:** _9/12/08_

BY: _____

    **DAVID F. CORRIGAN, ESQ.**
    **DATED:** _____

13

**BUDD LARNER**
1939 Route 70 East
Cherry Hill, NJ 08803
Attorney(s) for the Defendant,
Mayor Richard F. Tuner

**DAVID F. CORRIGAN, LLC**
54F West Front Street
Keyport, NJ  07735
Attorney(s) for the Defendant
Township of Weehawken (Labor Counsel)

BY: _____
      SUSANNA J. MORRIS, ESQ.
      DATED: _____

BY: _____
      DAVID F. CORRIGAN, ESQ.
      DATED:  9-2-08

13

## EXHIBIT A

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAPTAIN THOMAS EARL, LIEUTENANT RICHARD DeCOSMIS,<br><br>Plaintiff,<br><br>v.<br><br>TOWNSHIP OF WEEHAWKEN, MAYOR RICHARD F. TURNER,<br><br>Defendants, | CASE NUMBER: 07-cv--5547 (WJM)<br><br>CIVIL ACTION<br><br>DISCOVERY CONFIDENTIALITY ORDER<br>(Document Electronically Filed) |

### STATEMENT CONCERNING CONFIDENTIAL INFORMATION

The undersigned hereby acknowledges that he or she has read the Discovery Confidentiality Order entered in the above captioned action, and that he or she understands the terms thereof and agrees to be bound by those terms as if a signatory thereto. The undersigned further consents to subject himself or herself, in an action relating to the Discovery Confidentiality Order, to the jurisdiction of the Court having jurisdiction over the Action as described in the Discovery Confidentiality Order. As set forth in the Discovery Confidentiality Order, the Court shall retain continuing jurisdiction to administer or enforce the Discovery Confidentiality Order with respect to any Confidential Information used or produced in the Action pending before the Court.

Witness: _____

Print Name: _____

Address: _____

_____

_____

Telephone: _____

Signature: _____

Print Name: _____

Address: _____

_____

_____

Telephone: _____